UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

UNITED STATES OF AMERICA

        - v. -

JOSE LOPEZ,

                Defendant.

------------------------------------------------------------------------------X

11 Cr. 275 (SAS)

## GOVERNMENT'S SENTENCING SUBMISSION

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Adam Fee
Assistant United States Attorney
    - Of Counsel -



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

October 22, 2012

**BY ECF & HAND**

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

>   Re:  <u>United States</u> v. <u>Jose Lopez</u>,
>        11 Cr. 275 (SAS)

Dear Judge Scheindlin:

   The defendant is scheduled to be sentenced in the above-referenced case on October 31, 2012. The Government respectfully submits this letter in advance of sentencing.  For the reasons discussed below, the Government recommends a sentence of imprisonment within the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range of 24 to 30 months' imprisonment.

## BACKGROUND

### A.   The Indictment and the Offense Conduct

   The defendant was originally charged in three counts of Indictment 11 Cr. 275 (the "Indictment").  Count One charged the defendant with conspiring to commit Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951.  Count Two charged the defendant with committing Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951.  Count Three charged the defendant with possessing and brandishing a firearm in furtherance of the crimes of violence charged in Counts One and Two, and aiding and abetting the same, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

The Hon. Shira A. Scheindlin
October 22, 2012

The charges in the Indictment relate to the defendant's participation in an armed robbery of two furniture deliverymen in the Bronx on February 27, 2009.  At that time, two individuals working for a furniture business arrived at an apartment building in the Bronx, New York, to deliver a piece of furniture.  Lopez, his co-defendant Tyrell Carter, and a third person followed the deliverymen as they entered the elevator of the apartment building. As the elevator ascended, Carter drew a gun and held it to the head of one of the deliverymen, while the third robber took money from the deliverymen's pockets and wallets.  At the same time, Lopez grabbed and pinned the second deliveryman against a wall of the elevator.

As the elevator doors opened on the 14th floor of the building, the deliveryman being restrained by Lopez broke free and ran from the elevator.  The three robbers chased the deliveryman into the hallway, where Carter aimed the gun at the deliveryman's head and shot him.  Carter, Lopez and the third robber then fled.  The other deliveryman found his injured co-worker in the hallway and called 911.  The injured deliveryman had suffered a graze wound to his temple and, although injured, survived.

NYPD officers who happened to be near the apartment building responded to a report of a man shot at the building.  When the officers arrived, they saw Carter, Lopez, and several other men in the lobby of the building, and told them to stay in the building while the NYPD investigated the reported shooting. Police officers brought each of the deliverymen to a location near the individuals being held in the lobby, where they identified Carter and Lopez as two of the robbers.  With respect to Lopez, each of the deliverymen noted, among other things, that they recognized the large, cross-shaped tattoo on Lopez's face. (Presentence Investigation Report ("PSR") ¶¶ 9-16).

On December 9, 2011, the defendant pled guilty before Your Honor pursuant to a plea agreement to Count One of the Indictment.  (PSR ¶ 5).

B.   **The Defendant's Criminal History**

The defendant has no prior adult criminal convictions.  As reflected in the PSR, the defendant currently has two open cases pending in New York State Supreme Court, Bronx County, relating,

The Hon. Shira A. Scheindlin
October 22, 2012

respectively, to an assault charge and a weapons possession charge based on Lopez's alleged possession of a gravity knife. (PSR ¶¶ 40-44).

### C. The Presentence Investigation Report and Guidelines Calculation

The PSR and the parties' plea agreement differ as to the appropriate Guidelines calculation. The PSR calculates the Guidelines range as follows:

Under the Guidelines, Count One has a base offense level of 20. (PSR ¶ 21). The PSR adds five levels, pursuant to Section 2B3.1(b)(2)(C), because a firearm was brandished during the robbery. (PSR ¶ 22). The PSR also adds two levels, pursuant to Section 2B3.1(b)(3)(A), because one of the robbery victims suffered a bodily injury – a graze wound to the head. (PSR ¶ 23). Given the defendant's timely allocution and assuming continued acceptance of responsibility, the PSR provides that a three-level reduction is warranted, resulting in a total offense level for Count One of 24. (PSR ¶¶ 28-30). Based on a total offense level of 24, and a Criminal History Category of I, the PSR calculates the advisory Guidelines range for Count One as 51 to 63 months' imprisonment. (PSR ¶ 68). The Probation Office recommends, however, that the Court make a downward departure, pursuant to Section 5H1.3, on the basis of the defendant's mental and emotional condition, and impose a sentence of 24 months' imprisonment on Count One, followed by 3 years' supervised release. (PSR at p. 17-18).

As reflected in their plea agreement, the parties calculated the appropriate Guidelines range in a similar fashion, absent, however, the five-level enhancement for the brandishing of a firearm and the two-level enhancement for the bodily injury to the victim, and without the application of a downward departure under Section 5H1.3. (*See* PSR ¶ 69). Both the sentence recommended by the Probation Office and the parties' plea agreement contemplate a sentence within the Guidelines range of 24 to 30 months' imprisonment.

The Hon. Shira A. Scheindlin
October 22, 2012

## DISCUSSION

**A.   Applicable Law**

    The United States Sentencing Guidelines still provide strong guidance to the Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).  Although Booker held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing.  Booker, 543 U.S. at 264.  As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark."  Gall v. United States, 552 U.S. 38, 49 (2007).

    After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the four legitimate purposes of sentencing, see id. § 3553(a)(2); "the kinds of sentences available," id. § 3553(a)(3); the Guidelines range itself, see id. § 3553(a)(4); any relevant policy statement by the Sentencing Commission, see id. § 3553(a)(5); "the need to avoid unwarranted sentence disparities among defendants," id. § 3553(a)(6); and "the need to provide restitution to any victims," id. § 3553(a)(7).  See Gall, 552 U.S. at 50 & n.6.

    In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B)   to afford adequate deterrence to criminal conduct;
>
> (C)   to protect the public from further crimes of the defendant; and
>
> (D)   to provide the defendant with needed educational or vocational training, medical care, or other

The Hon. Shira A. Scheindlin
October 22, 2012

> correctional treatment in the most effective
> manner.

18 U.S.C. § 3553(a)(2).

**B.   A Guidelines Sentence Is Appropriate In This Case.**

Given the defendant's instrumental assistance in carrying out a dangerous armed robbery, all for the purpose of stealing a relatively small amount of cash from two innocent victims, a Guidelines sentence is appropriate in this case.  As set forth in the PSR, the defendant was not a passive or minor participant in these offense: the defendant restrained one of the victims while his co-conspirator threatened the second victim with a loaded firearm.  Although it is unclear whether Lopez contemplated his co-defendant's use of a firearm against one of the victims – and the Government does *not* seek to apply the sentencing enhancements based on the co-defendant's use of a firearm or the resulting injury to one of the victims – there is no doubt that Lopez's conduct enabled and assisted his co-defendant in committing the robbery, which presented a clear and serious danger to the deliverymen they robbed.

In his submission to the Court, the defendant requests a sentence of "time served," which would, in effect, result in a sentence of approximately 19 months' imprisonment.  In support of his claim that he merits a below Guidelines sentence, the defendant highlights his "mental disability."  (Def.'s Letter, at 5).  Although there is no dispute that the defendant has limited intellectual abilities, he has simply failed to present any evidence supporting the conclusion that his criminal conduct in this case can be explained away or excused by the fact of his intellectual limitations.  Indeed, the evaluations prepared in this case by experts for both the Government and the defendant actually supported the finding that the defendant was, at a minimum, able to understand that his actions and his post-arrest statements about those actions could later be held against him in a court of law.  *See* Report of Defense Expert Dr. Alan M. Goldstein ("Goldstein Report") at 21; see Report of Government's Expert Dr. Cheryl Paradis ("Paradis Report") at 9-10)).

Absent any such explanation or excuse for his conduct, a Guidelines sentence in this case is merited by the need to punish the defendant for his unlawful and dangerous criminal conduct, and to offer meaningful deterrence against the defendant breaking

5

The Hon. Shira A. Scheindlin
October 22, 2012

the law again, to please individuals he believes to be his friends, to get money, or for any other reason.  The focus at this juncture should not be on the defendant's intellectual limitations but on what he elected to do in that elevator on February 27, 2009.  The defendant's conduct in this case provides a strong basis to believe that, absent a sentence that will meaningfully punish the defendant for his crimes and drive home the serious consequences of breaking the law, he will again elect to engage in dangerous criminal behavior without considering the potential consequences to others, to himself, and to his family, as well as the potential dangers presented by the actions of potential co-conspirators.

## CONCLUSION

    For the reasons set forth above, the Government respectfully submits that a Guidelines sentence is necessary to protect the public from further crimes of the defendant, provide just punishment and respect for the law, and deter this defendant from committing similar crimes in the future, and that the defendant's justifications for a non-Guidelines sentence are insufficient.

                                        Respectfully submitted,

                                        PREET BHARARA
                                        United States Attorney

                    By:    __/s/_____
                           Adam Fee
                           Assistant United States Attorney
                           Tel.: (212) 637-1589

cc:  Louis R. Aidala, Esq.